HAZOURI, J.
 

 This appeal comes to us from the trial court, who certified two questions of great public importance:
 

 Whether the Defendant is on notice of a covered loss where the claim form submitted by an independent diagnostic corporate supplier of MRI services billing globally does not display a professional license in Block 31 that is not its own and is not a license of the signatory of the claim form?
 

 Does F.S. § 627.736(5)(d)
 
 [1]
 
 require an independent diagnostic corporate suppli
 
 *236
 
 er of MRI services, who is entitled to submit a claim for both the technical and professional components, to include the professional license number of either the interpreting radiologist or the Plaintiffs medical director, in block 31 of its CMS 1500 claim?
 

 Upon our review, we consolidated the two certified questions into one:
 

 Does an independent diagnostic corporate supplier of MRI services have to include the professional license number of either the interpreting radiologist or its medical director in block 31 of its CMS 1500 claim form to have furnished notice of the amount of covered loss or medical bills under section 627.736(5)(d), Florida Statutes (2006)?
 

 We answer the rephrased certified question in the negative.
 

 Pembroke Pines MRI, Inc. (Pembroke MRI) sued USAA Casualty Insurance Company (USAA) for assigned PIP benefits attributable to MRI testing supplied to USAA’s insured, Meghan Cahill, in December 2006. USAA’s sole reason for nonpayment is its assertion and affirmative defense of lack of notice because of a claim form that was not “properly completed.” USAA argued the claim form was not properly completed because the Tenderer of services did not display a “professional license number” in Box 31 of that form. Also, with the claim form at issue, USAA received Cahill’s MRI images and the radiologist’s report for those images. The second page of the radiologist’s report included the name of the radiologist but no signature or professional license number. USAA did not contend the lack of radiologist’s signature or the lack of professional license number in any way indicated the medical services rendered were not reasonable and necessary.
 

 The parties filed cross motions for summary judgment. The trial court denied USAA’s motion and granted Pembroke MRI’s motion, holding Pembroke MRI was the provider of the billed services; that section 627.736(5)(d)’s requirement that a professional license number be displayed in Box 31 did not apply to a provider who did not have a professional license number and who was not required by law to have one; and that USAA was on notice of the claim, as it was in all other respects legally sufficient. The trial court awarded Pembroke MRI $1,042.18 in damages plus prejudgment interest.
 

 In making this decision, the trial court stated that Pembroke MRI, although a provider of medical services, is an “independent corporate diagnostic testing company,” which Florida’s Department of Business and Professional Regulation does not regulate. As a result, the trial court found that Pembroke MRI is not required to supply a professional license number under section 627.736(5)(d), as it is not a “professional” and not required to retain a “professional license number.” The trial court further found the medical director of Pembroke MRI and the radiologist who rendered services did not need to provide either of their professional license numbers. This was because Pembroke MRI was the provider of medical services to Cahill — not the medical director nor the radiologist. The trial court also stated
 
 *237
 
 that to require otherwise is contrary to legislative intent and risks insurance fraud. This is because Pembroke MRI, by providing a license number it could not possibly have, would have violated the notice found on the back of the CMS 1500 form, which states:
 

 NOTICE: Any person who knowingly files a statement of claim containing any misrepresentation or any false, incomplete or misleading information may be guilty of a criminal act punishable under law and may be subject to civil penalties. SIGNATURE OF PHYSICIAN (OR SUPPLIER): I certify that the services listed above were medically indicated and necessary to the health of this patient and were pex*sonally furnished by me or my employee under my personal direction.
 

 On appeal, USAA contends the trial court’s interpretation is incorrect because it did not receive notice of a covered loss. It argues, as it did before the trial court, that it did not receive notice of a covered loss for the following reasons: 1) the legislature intended that Pembroke MRI is to provide a professional license number because it is a “provider” of medical services under section 627.736(5)(d) and is not expressly exempt from this requirement; 2) Pembroke MRI’s inability to obtain a professional license number does not exempt it, as either its medical director’s professional license number or the service rendering radiologist’s professional license number could fulfill that requirement; and 3) Pembroke MRI’s failure to provide the correct license number precludes recovery because, regardless of its substantial completion of the CMS 1500 form, the legislature intended full completion of the form is needed to fulfill section 627.736(5)(d)’s notice requirements.
 

 The trial court, however, did not err in its interpretation of section 627.736(5)(d), as it is impossible for a corporation not regulated by Florida’s Department of Business and Professional Regulation to give a professional license number on a CMS 1500 form. The trial court also did not err because Pembroke MRI, by substantially completing the CMS 1500 form, provided USAA with notice of a covered loss. This is because it fulfilled section 627.736(5)(d)’s notice requirements by providing USAA with a “properly completed” CMS 1500 form. Pembroke MRI is, therefore, entitled to recovery.
 

 If an insured submits a claim for PIP benefit, but fails to properly complete a CMS 1500 form, the insurer may avoid recovery- by asserting as an affirmative defense the failure to receive notice of a covered loss under section 627.736(5)(d).
 
 See, e.g., Ortega v. United Auto. Ins. Co.,
 
 847 So.2d 994, 996-97 (Fla. 3d DCA 2003). But, if a claim form is “properly completed,” an insurer receives notice of a covered loss under section 627.736(5)(d). This is in accord with the last provision of that section, which states:
 

 For purposes of paragraph (4)(b), an insurer shall not be considered to have been furnished with notice of the amount of covered loss or medical bills due unless the statements or bills comply wdth this paragraph, and unless the statements or bills are
 
 properly completed in their entirety as to all matenal provisions,
 
 with all relevant information being provided therein.
 

 (emphasis added).
 

 The definition section of the Florida Motor Vehicle No-Fault Law defines “[pjrop-erly completed” as “providing
 
 truthful, substantially complete, and substantially accurate responses as to all material elements
 
 to each applicable request for information or statement by a means that may lawfully be provided and that complies
 
 *238
 
 with this section, or as agreed by the parties.” § 627.732(13) (emphasis added).
 

 In
 
 United Automobile Insurance Co. v. Professional Medical Group, Inc.,
 
 26 So.3d 21 (Fla. 3d DCA 2009) (reviewing a petition for writ of certiorari from a decision by the circuit court in its appellate capacity), the Third District interpreted whether an insured complied with section 627.736(5)(d)’s requirements when it failed to give the provider’s professional license number in Box 31 of its initial claim. The Third District stated that, due to the plain language of section 627.736(5)(d)’s last provision and the definition of “properly completed,” “a bill or statement need only be ‘substantially complete’ and ‘substantially accurate’ as to relevant information and material provisions in order to provide notice to an insurer.”
 
 Id.
 
 The Third District then held the insured’s initial claim was “ ‘substantially accurate’ as to all relevant information and material provisions,” given the following circumstances:
 

 In this case, the initial set of bills that PMG furnished to United contained the name of the physician in the appropriate box on the form. Moreover, numerous other forms and medical records provided to United contained the physician’s name as well. United did not claim below that it did not know who the physician was, or that the person named on the form was not in fact a licensed physician. Indeed, after receiving the bills, United proceeded to process the matter by sending the insured, Botta, to examinations and a peer review. At no time did United object to the missing physician license number. Given these facts, United cannot claim it was harmed or prejudiced by the missing number. As such, we find that the initial set of bills PMG provided to United were “substantially complete” as to all relevant and material information as required by section 627.736(5)(d).
 

 Id.
 

 Here, Pembroke MRI properly completed the CMS 1500 form, as it provided substantially complete and accurate responses to all relevant information and material elements of the form. In particular, Pembroke MRI filled out the entire form except for the professional license number, and, in Box 31, it provided a signature. The only portion not correctly completed was the line requiring a professional license number. The claim sent to USAA also included the MRI images and the radiologist’s report. That report included the name of the radiologist. USAA, via the webpage of the Department of Business and Professional Regulation, could have checked whether the radiologist had a license. It was, therefore, given a means by which to check for a professional license number. Thus, the claim submitted to USAA complied with section 627.736(5)(d), because it provided substantially accurate responses to all relevant information and material elements. We accordingly affirm.
 

 Affinned.
 

 MAY and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . Section 627.736(5)(d), Florida Statutes (2006) provides:
 

 All statements and bills for medical services rendered by any physician, hospital, clinic, or other person or institution shall be submitted to the insurer on a properly completed Centers for Medicare and Medicaid Services (CMS) 1500 form, UB 92 forms, or any other standard form approved by the office or adopted by the commission for purposes of this paragraph. All billings for such services rendered by providers shall, to the extent applicable, follow the Physicians’ Current Procedural Terminology (CPT) or Healthcare Correct Procedural Coding System (HCPCS), or ICD-9 in effect for the year in which services are rendered and comply with the Centers for Medicare and Medicaid Services (CMS) 1500 form instructions and the American Medical Association Current Procedural Terminology (CPT) Editorial Panel and Healthcare Correct Procedural Coding System (HCPCS). All providers other than hospitals shall include on the applicable claim form the professional license number of the provider in the line or space provided for “Signature of Physician or Supplier, Including Degrees or Credentials.” In determining compliance with applicable CPT and HCPCS coding, guidance shall be provided by the Physicians' Current Procedural Terminology (CPT) or the Healthcare Correct Procedural Coding System (HCPCS) in effect for the year in which services were rendered, the Office of the Inspector General (OIG), Physicians Compliance Guidelines, and other authoritative treatises designated by rule by the Agency for Health Care Administration.
 
 *236
 
 No statement of medical services may include charges for medical services of a person or entity that performed such services without possessing the valid licenses required to perform such services. For purposes of paragraph (4)(b), an insurer shall not be considered to have been furnished with notice of the amount of covered loss or medical bills due unless the statements or bills comply with this paragraph, and unless the statements or bills are properly completed in their entirety as to all material provisions, with all relevant information being provided therein.