LaROSE, Judge.
GEICO General Insurance Company petitions for certiorari review of the circuit *586 court’s reversal of the county court’s final summary judgment against Tarpon Total Health Care. See Fla. R.App. P. 9.030(b)(2)(B). The circuit court did not “[violate] a clearly established principle of law resulting in a miscarriage of justice.” Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003) (citing Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000); Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 528 (Fla.1995)). Accordingly, we deny the petition.
Tarpon provided chiropractic treatment to Margaret Lage for injuries she sustained in an automobile accident. GEICO insured Ms. Lage. In December 2004 and January 2005, Tarpon submitted five claim forms for Ms. Lage’s treatments. The forms included the treating doctor’s name and signature, but omitted the doctor’s professional license number required by section 627.736(5)(d), Florida Statutes (2004). GEICO denied the claims but did not refer to this omission.
In October 2005, Tarpon sent GEICO a presuit demand letter with corrected claim forms; again, the forms omitted the professional license number. In July 2007, Tarpon resubmitted the claims and included the professional license number. A month later, GEICO denied the resubmitted claims as untimely. Tarpon sued GEI-CO in county court seeking payment of the claims, interest, and attorney’s fees and costs.
Part XI of chapter 627 governs motor vehicle and casualty insurance contracts. Section 627.736 provides, in pertinent part, as follows:
(4) Benefits; when due.—
[[Image here]]
(b) Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same.... When an insurer pays only a portion of a claim or rejects a claim, the insurer shall provide at the time of the partial payment or rejection an itemized specification of each item that the insurer had reduced, omitted, or declined to pay and any information that the insurer desires the claimant to consider related to the medical necessity of the denied treatment or to explain the reasonableness of the reduced charge ....
[[Image here]]
(5) Charges for treatment of injured persons.—
[[Image here]]
(b) 1. An insurer or insured is not required to pay a claim or charges:
[[Image here]]
d. With respect to a bill or statement that does not substantially meet the applicable requirements of paragraph (d);
[[Image here]]
(c)(1) With respect to any treatment or service, other than medical services billed by a hospital or other provider for emergency services as defined in s. 395.002 or inpatient services rendered at a hospital-owned facility, the statement of charges must be furnished to the insurer by the provider and may not include, and the insurer is not required to pay, charges for treatment or services rendered more than 35 days before the postmark date of the statement .... The injured party is not liable for, and the provider shall not bill the injured party for, charges that are unpaid because of the provider’s failure to comply with this paragraph. Any agreement requiring the injured person or insured to pay for such charges is unenforceable.
[[Image here]]
*587 (d) All statements and bills for medical services rendered by any physician ... shall be submitted to the insurer on a properly completed ... standard form .... All providers other than hospitals shall include on the applicable claim form the professional license number of the provider in the line or space provided for “Signature of Physician or Supplier, Including Degrees or Credentials” ... [and] compl[y] with applicable CPT and HCPCS coding_No statement of medical services may include charges for medical services of a person or entity that performed such services without possessing the valid licenses required to perform such services. For purposes of paragraph (4)(b), an insurer shall not be considered to have been furnished with notice of the amount of covered loss or medical bills due unless the statements or bills comply with this paragraph, and unless the statements or bills are properly completed in their entirety as to all material provisions, with all relevant information being provided therein.
(Emphasis added.) Stated more succinctly, the healthcare provider must furnish the insurer with written notice of the claim postmarked within thirty-five days of any services rendered on a standard form that is “properly completed in [its] entirety as to all material provisions.” § 627.736(5)(c)(l), (d). Neither the insurer nor the insured must pay for charges for which the provider fails to provide timely written notice or where the claim form does not “substantially meet” the paragraph (5)(d) requirements. § 627.736(5)(b)(l), (c)(1). If the insurer rejects a claim, it shall explain its reason(s). § 627.736(4)(b).
In May 2009, GEICO moved for summary judgment based on Tarpon’s failure to provide timely written notice of a claim by omitting the doctor’s professional license number on the original claim forms. Tarpon filed a motion for partial summary judgment as to the medical necessity, reasonableness, and relatedness of the services provided to Ms. Lage. The county court granted final summary judgment to GEICO. The court ruled that Tarpon’s original bills were noncompensable because, they omitted the professional license number, thus failing to put GEICO on notice of a covered claim. It ruled that the corrected bills submitted two and a half years later were untimely because section 627.736(5)(c)(l) required submission within thirty-five days of providing services. The court denied Tarpon’s summary judgment motion as moot. Tarpon appealed to the circuit court.
In the absence of Second District precedent on the issue, the circuit court properly followed United Automobile Insurance Co. v. Professional Medical Group, Inc., 26 So.3d 21 (Fla. 3d DCA 2009). See Pardo v. State, 596 So.2d 665, 666 (Fla.1992) (holding that decision of one district court of appeal is binding throughout Florida in absence of interdistrict conflict or contrary supreme court precedent); Dep’t of Highway Safety & Motor Vehicles v. Nader, 4 So.3d 705, 709-10 (Fla. 2d DCA 2009) (holding circuit court must obey controlling precedent from another district even if it disagrees with the precedent).
In United Automobile, the Third District denied the insurer’s petition for second-tier certiorari of the circuit court’s affirmance of a final summary judgment for Professional Medical Group (PMG), a medical services provider. 26 So.3d at 25. As in our case, PMG timely submitted initial claims to United that did not include the treating physician’s license number. Id. at 23. PMG sent United a demand letter with resubmitted claims forms that included the license number. Id. at 22. *588 United denied the claims and PMG sued. Id. at 23. United argued that payment was not required because PMG did not provide the physician’s license number and a disclosure and acknowledgement form. Id. The county court granted summary judgment to PMG, finding that it had “substantially complied” with section 627.736, that United knew the physician’s identity, and that PMG adequately cured the initial omission of the license number. Id. at 23. On appeal, the circuit court affirmed. Id.
The Third District held that the circuit court did not depart from the essential requirements of the law because, “based upon the statute’s plain language, a bill or statement need only be ‘substantially complete’ and ‘substantially accurate’ as to relevant information and material provisions in order to provide notice to an insurer.” Id. at 24. The court noted that United knew the identity of the physician and PMG cured its initial failure to provide the license number. United never claimed that the provider was not a licensed physician nor did it object to the missing license number. Id. In dicta, the Third District stated that, even if the license number was material, the statute did not forbid a subsequent correction. Id. at 24-25.
The Fourth Distinct followed United Automobile in USAA Casualty Insurance Co. v. Pembroke Pines MRI, Inc., 31 So.3d 234, 238 (Fla. 4th DCA 2010) (affirming trial court ruling that insurance claim substantially complied with section 627.736(5)(d) despite omission of medical provider’s professional license number; also noting that inclusion of physician name gave insurer means to check for professional license number). Cf. Fla. Med. & Injury Ctr., Inc. v. Progressive Express Ins. Co., 29 So.3d 329 (Fla. 5th DCA 2010) (holding proper D & A form was not condition precedent to enforce claim to payment).
GEICO relies on circuit court appellate cases holding that the inclusion of the license number is material and mandatory, that the provider does not give the insurer notice of the claim without the professional license number, and that the lack of the license number renders the claim noncom-pensable. See, e.g., Aries Ins. Co. v. First Chiropractic Clinic, Inc., 12 Fla. L. Weekly Supp. 637a (Fla. 13th Cir. App. Apr. 25, 2005).
We must observe that Tarpon’s claims for services, in the amount of $1600, have languished for several years. But we cannot disagree with our sister district courts’ interpretation of section 627.736; the insurer is put on notice of a covered claim by the submission of a substantially complete claim form. The omission of the professional license number, as in this case, is not fatal. The circuit court applied the correct law in reversing the final summary judgment entered in favor of GEI-CO. We deny the petition for writ of certiorari.
Petition denied.
KELLY, J., Concurs.
ALTENBERND, J., Concurs with opinion.