ALTENBERND, Judge,
Concurring.
I am inclined to believe, as did several circuit courts on appeal, that the legislature intended a physician’s professional license number to be an important part of a claim for benefits under the PIP (personal injury protection) statutes. In light of the fact that an insurance company is expected to process and pay these claims within thirty days, and given that fraudulent PIP claims have become a major problem in Florida, requiring full and complete infor *589 mation on an application for PIP benefits seems entirely reasonable to me. On the other hand, compelling a judicial forfeiture of a physician’s right to payment of these benefits because of an administrative error in the claims process is an extreme remedy.
In this case, as in USAA Casualty Insurance Co. v. Pembroke Pines MRI, Inc., 31 So.3d 234 (Fla. 4th DCA 2010), the insurance company denied the initial claim without explaining that the application was defective for lack of a professional license number. As explained in our opinion, section 627.736(5)(d), Florida Statutes (2004), required the relevant physician to provide his professional license number in the line or space for “Signature of Physician or Supplier, Including Degrees or Credentials.” The claim was submitted on a form CMS-1500 approved by the AMA Council on Medical Service in December 1990. On that form, line 31 is at the bottom of the page. It calls for the signature of the physician or supplier including degrees or credentials. It does not ask for his professional license number or provide any designated space for this number. It has a designated space for his signature that is 1 1/8" in length and a space for the date that is 3/8" in length. The box barely has enough space for the doctor to type his name, much less date and sign it. The likelihood that a physician would omit his or her unrequested professional license number when filling out this box seems very high.
If the professional license number is such a material part of a claim for PIP benefits that the claim can be forfeited for failure to provide the number, especially when the insurance company does not explain this error and provide an opportunity to amend the claim to cure this specific oversight, it seems to me that this form is not adequate for the task. Thus, I concur in this opinion, but I might reach an opposite result if the form used to fulfill the requirements of this statute had a prominent box or line with adequate space and information to put the physician fully on notice that an administrative error in this regard would eliminate the insurance company’s obligation to process and pay the claim in the normal thirty-day period.